UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 11-336-JBC

LARRY MARCUM                                                           PLAINTIFF

V.                      **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                      DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Larry Dean Marcum's appeal of the Commissioner's denial of his application for Disability Insurance Benefits (DIB), R.10 & R.11. The court will grant the Commissioner's motion and deny Marcum's motion because substantial evidence supports the administrative decision.

At the time of the alleged disability onset date, Larry Dean Marcum was a 41-year-old man. AR 136. He attended school until the eleventh grade. AR 36. Prior to the alleged disability, Marcum worked as a gravel truck driver. *Id.* He alleged disability beginning on July 2, 2007, due to back pain, chronic obstructive pulmonary disease (COPD), emphysema, sleep apnea, depression, and anxiety. AR 145. Marcum filed his claim for disability on November 20, 2008.[1] AR 136. His

---

[1] The ALJ opinion states that Marcum protectively filed for disability on November 20, 2008, *see* AR 18, 20, but the Administrative Record states that Marcum protectively filed for disability on November 5, 2008. AR 136.

1

claim was denied initially on March 25, 2009, AR 68-71, and upon reconsideration on June 23, 2009. AR 77-79. After a hearing on November 15, 2010, Administrative Law Judge Roger L. Reynolds determined that Marcum was not under a disability within the meaning of the Social Security Act. AR 28. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health and Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994); *see also* 20 C.F.R. § 404.1520, the ALJ determined that Marcum had not engaged in substantial gainful activity since November 5, 2008, the date of application for DIB, AR 20; that he has severe impairments of COPD with early emphysema, chronic low back pain secondary to degenerative disc disease of the cervical and lumbar spine with disc bulges, obstructive sleep apnea, depression, and anxiety, AR 20; that his impairments or combination of impairments did not meet or equal any listing in the Listing of Impairments, AR 20; that though he is unable to perform any past relevant work, he has the Residual Functional Capacity (RFC) to perform a limited range of light work, AR 25-26; and that jobs exist in significant numbers in the national economy that he could perform, based on his RFC, age, education, and work experience. AR 27. Therefore, the ALJ denied Marcum's claim for DIB on November 19, 2010. AR 28. The Appeals Council denied Marcum's request for review on November 25, 2011, and he commenced this action.

     Marcum challenges the ALJ's ruling on the following grounds: (1) the ALJ did not give appropriate weight to the treating physician's opinion and did not give adequate reasons for rejecting those opinions; (2) the ALJ failed to consider

whether the combined effects of Marcum's impairments would render him disabled; (3) the ALJ should have considered the durational requirement of substantial gainful activity, not simply whether Marcum could find a job and perform it; (4) the ALJ did not adequately consider Marcum's subjective complaints; and (5) a reasonable person would consider Marcum disabled based upon both the exertional limitations Dr. Hays placed on him and the report from the consultative psychologist. None of these arguments are persuasive.

First, the ALJ properly considered the opinion of Dr. David J. Hays, the treating physician, and the ALJ's rejection of Dr. Hays's conclusions is supported by substantial evidence.  The opinion of a treating physician is given controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *see also* 20 C.F.R. 404.1527(d)(2). However, if an ALJ gives good reasons for doing so, he may reject the opinion of a treating physician when the physician's opinion is not sufficiently supported by the medical evidence in the record. *Id.* In this case, the ALJ did not ignore Dr. Hays, as Marcum argues, but weighed his opinion against the medical evidence (such as inconsistencies in Hays's notes) which the ALJ adequately explained in his opinion. AR 26.

The ALJ properly considered the apparent contradictions within Dr. Hays's own notes. On several occasions, Dr. Hays concluded that Marcum had severe impairments.  For example, on April 26, 2007, Dr. Hays declined to approve Marcum's Department of Transportation (DOT) certification form because of

difficulties moving his upper and lower extremities and back pain. AR 266. Then, on October 24, 2010, Dr. Hays's nurse, Jodi Durbin, indicated that Marcum was in fact disabled, as his pain was severe and he could not work a full day. AR. 419. Also, Dr. Hays noted on April 30, 2010, that Marcum could not work a full day. AR 486. However, Dr. Hays has also issued statements to the contrary.  Dr. Hays stated that Marcum exemplified only slight problems on August 16, 2010, when Dr. Hays cleared Marcum for his DOT license, noting that his lungs were "clear to auscultation" and that he had "full ranges of motion." AR 487. Furthermore, Dr. Hays indicated multiple times that Marcum's medical problems were only mild to moderate in severity, AR 269-270, that he appeared only "slightly uncomfortable," AR 420, and that his problems were only "barely severe." AR 261. The ALJ properly considered Dr. Hays's failure to explain these contradictions when determining the amount of weight to give Dr. Hays's opinions.

  Moreover, Dr. Hays's opinion is contradicted by the other medical evidence in the record. For example, Dr. Hays believed Marcum's chest pain was pulmonary in nature, but a pulmonary function study performed by Dr. A. Mandviwala was normal. AR 305. Imaging of Marcum's spine indicated mild degenerative disc disease consistent with what would be expected for someone his age. AR 272. Dr. Burchett, who treated Marcum for his back pain, reported positive straight leg raises on the left in the supine position and brisk and symmetrical deep tendon reflexes with no shortness of breath during examination. AR 316. Dr. Robert Hoskins, who also treated Marcum for his back pain, noted that hydrocodone

worked well, but the effect was "not long enough." AR 354. Dr. Rock, who treated Marcum at the Annville Clinic, noted the presence of degenerative disc disease with some bulging discs, but "nothing more than that." AR 375. The ALJ gave adequate weight to Dr. Hays's opinions, and his decision to reject Dr. Hays's opinion is supported by substantial evidence.

Additionally, although Marcum claims that the introduction of new medical evidence from 2010 and 2011 would have caused the ALJ to conclude that Marcum is disabled, this assertion is unsubstantiated by the record. The new evidence explains that Marcum was diagnosed with gall stones, which were corrected with cholecystectomy. AR 636. Marcum also developed inflammation in the tail of his pancreas, perhaps caused by Lisinopril. AR 613, 617, 619, 620. However, according to Dr. Ashok Kanthawar, by February 17, 2011, the inflammation had resolved, and the pancreas appeared normal. AR 643. The Mercy Clinic of Jackson indicated that Marcum's level of function with medication and injections for his back pain, both of which he receives on a regular basis, was at level seven out of ten. AR 630. The new evidence indicates strong to severe limitations for lifting and carrying and moderate limitations for walking, which are consistent with the ALJ's RFC finding that Marcum could perform light work. AR 25, 633. Because the new evidence is consistent with the medical record as a whole, on which the ALJ relied in making his decision, and because any new medical problems were resolved, it is highly unlikely that the ALJ would have decided differently if this evidence had been available to him. Furthermore, new

evidence would not alter this Court's conclusion that the ALJ's decision rested on substantial evidence.

Second, the ALJ properly considered the combined effects of Marcum's impairments. Though Marcum argues that the cumulative effect of his medical difficulties was not taken into account, the ALJ repeatedly refers to plural "impairments" in his decision. AR 20, 24. The ALJ specifically noted that "the claimant does not have an impairment or *combination of impairments* that meets or medically equals one of the listed impairments . . ." AR 20 (emphasis added), and "the claimant's mental impairments, considered singly and *in combination* do not meet or medically equal the criteria of listings 12.04 and 12.06." AR 24 (emphasis added). Even so, the ALJ's mere discussion of a claimant's individual medical problems does not imply that he failed to consider them in combination, especially when he specifically refers to a combination of impairments. *See Loy v. Sec'y of HHS*, 901 F.2d 1306, 1310 (6th Cir. 1990). Therefore, the ALJ properly considered the combined effect of all of Marcum's conditions.

Third, the ALJ properly considered not only whether Marcum could find work, but also whether he could maintain it for a significant period of time. The ALJ need not make separate findings about a claimant's ability to maintain work because he considers that issue when assigning the claimant's RFC. *Garland v. Astrue,* No. 07-181-DLB, 2008 WL 2397566 at *6 (E.D. Ky. Jun. 10, 2008). In fact, this court has "repeatedly rejected any suggestion of a separate duration requirement," particularly when the claimant argues in a conclusory manner

without offering specific medical evidence that would support such a finding. *See, e.g., Estes v. Astrue*, No. 10-343, 2011 U.S. Dist. LEXIS 99992, 2011 WL 3903090, at *4 (E.D. Ky. Sept. 6, 2011). Substantial evidence supports the ALJ's RFC determination and his conclusion about Marcum's ability to find and maintain work.

Fourth, in determining Marcum's RFC, the ALJ considered all of his subjective symptoms and concluded that those symptoms were not entirely credible or consistent with the evidence in the medical record. AR 25, 26. The ALJ may question or discount a claimant's credibility when the available medical evidence does not substantiate the claimant's statements. 20 C.F.R. 416.929(c)(2); *see also Walters,* 127 F.3d at 531-32 (6th Cir. 1997). The ALJ did conclude that Marcum's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" in light of the evidence in the medical record. AR 26. However, the ALJ also noted that the intensity, persistence, and functionally limiting effects of pain are not substantiated by the medical record. AR 25. For example, Marcum's testimony that he can feed, bathe, and dress himself without assistance, and the fact that he had not received the type of medical care that a completely disabled individual would typically receive, led the ALJ to conclude that Marcum's testimony about the severity of his problems was not entirely credible. AR 24-25. Substantial evidence supports that credibility determination.

Fifth, Marcum's argument that a reasonable person would conclude that he is disabled given his exertional and non-exertional limitations and the consultative psychologist's report misstates the relevant legal standard. *See Preslar*, 14 F.3d 1107 at 1110. The ALJ properly performed the appropriate five-step analysis to determine whether the claimant is under a disability. *Id.*; AR 18-28.

In doing so, the ALJ properly considered both the exertional and non-exertional limitations placed on Marcum and the consultative psychologist's report when finding him not disabled. AR 22. In order to determine the kind of work a claimant with limitations may perform, the ALJ may pose to a Vocational Expert hypothetical questions that reflect those limitations. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case the ALJ asked the Vocational Expert whether jobs exist in the national economy that someone with Marcum's age, education, work experience, and RFC could perform given his additional limitations. AR 27. The Vocational Expert testified that an individual with Marcum's limitations could perform jobs such as simple benchwork, packaging and sorting, and weighing, inspecting or checking, and that a substantial number of these jobs exists in Kentucky. AR 27. Additionally, the ALJ specifically referred to the report by Dr. Sahner, the consultative psychologist, who assigned Marcum a global assessment function of 56-58 and noted that Marcum's symptoms of irritability began only after he started taking the medication Prednisone. AR 22. The ALJ used this assessment to conclude that Marcum's mental impairments do not meet (singly or in combination) the criteria necessary for

a finding of disability. AR. 22, 24. The ALJ properly considered both Marcum's limitations and the consultative psychologist's report when finding no disability.

The ALJ properly applied the relevant legal standards and his decision is supported by substantial evidence.

**IT IS ORDERED** that Larry Dean Marcum's motion (R. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion (R. 11) is **GRANTED**.

A separate judgment will issue.

Signed on July 11, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY